# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WESLEY TURK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:12-CV-1006-CEJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Wesley Turk to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. #1].

On January 31, 1995, movant pleaded guilty to motor vehicle theft - carjacking, in violation of 18 U.S.C. § 2119, and knowingly using a firearm during a violent crime, in violation of 18 U.S.C. § 924(c)(1). On May 12, 1995, he was sentenced to a term of life imprisonment with respect to the carjacking count and sixty months' imprisonment with respect to the firearm count, to be served consecutively. Movant did not file a direct appeal.

Movant seeks to vacate, set aside, or correct his conviction and sentence on the grounds of ineffective assistance of counsel and misapplication of the Sentencing Guidelines. In addition, movant asserts a claim of actual innocence.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.  As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. Movant's conviction became final in May 1995. See Fed.R.App.P.4(b)(1). The instant motion to vacate, however, was not signed until May 29, 2012. Thus, it appears that the instant motion to vacate is untimely. Before taking any further action, the Court will give the movant the opportunity to present reasons why the motion should not be dismissed. Movant is warned that if he does not respond to this Order by the deadline set forth below, his motion will be dismissed without further notice.

The respondent will not be ordered to respond to the motion to vacate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall have until **July 16, 2012**, to show cause in writing why his motion to vacate should not be dismissed as time-barred.

Dated this 11th day of June, 2012.

*Carol E. Jackson*
UNITED STATES DISTRICT JUDGE