UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESLEY TURK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-1006 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the court upon the motion of Wesley Turk to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and the issues are fully briefed.

**I. Background**

On January 31, 1995, Turk pled guilty to one count of carjacking, in violation of 18 U.S.C. § 2119, and one count of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). He was sentenced on May 12, 1995, to a term of life imprisonment for the carjacking offense and a consecutive 60-month term of imprisonment for the firearm offense. Turk did not appeal the judgment.

On June 1, 2012, Turk filed the instant motion to vacate under §2255. The United States filed a response to that motion on December 28, 2010. Because the motion was filed beyond the applicable statute of limitations, the court ordered Turk to show cause why the motion should not be dismissed as

time-barred. Turk filed a timely response to the show cause order.

## II. **Discussion**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a motion to vacate is subject to a one-year statute of limitations which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Because Turk did not appeal the May 12, 1995 judgment, his conviction became final ten days later on May 26, 1995, when the period for filing a notice of appeal expired. See Murray v. United States, 313 Fed. Appx. 924 (8th Cir. 2009)(when defendant did not file direct appeal, his conviction became final upon expiration of the time for filing notice of appeal) [*citing* Anjulo-Lopez v. United States, 541 F.3d 814, 816 n. 2 (8th Cir. 2008)]. However, as the AEDPA was enacted after Turk's conviction became final, he had a one-year grace period from April 24, 1996, the effective date of the statute, in which to file his motion, thus

making the deadline April 25, 1997.  Moore v. United States, 174 F.3d 1131, 1133 (8th Cir. 1999).  Turk did not file the motion until more than 15 years after the grace period ended.

The limitations period under the AEDPA may be equitably tolled "under limited conditions, for example, where 'extraordinary circumstances' beyond a prisoner's control prevent the timely filing."  Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001).  See also, United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005) (doctrine of equitable tolling is applicable in § 2255 proceedings).  To avail himself of equitable tolling, a prisoner must demonstrate the existence of the extreme circumstances and that he acted with due diligence in pursuing the motion.  E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006).  However, as equitable tolling is a narrow window of relief, the court will toll the limitations period only if the extraordinary circumstances made filing a timely motion completely impossible.  Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

In his response to the show cause order, Turk advances the following grounds for equitable tolling: (1) he received ineffective assistance of counsel; (2) he lacked access to federal materials while in state prison; and (3) and he is actually innocent of all convicted charges. [1]

---

[1] Turk states in the response that he suffered "brain trauma" caused by the accident that occurred in the course of the carjacking. [Doc. # 4-1, p. 3]. Later, however, he states that he is not claiming that the accident "affected his ability to 'Rationally or Factually' understand his need to file a timely § 2255 motion" or that it affected "his thinking as to when and how to file a timely § 2255." [Doc. # 14, p. 5]. Consequently, the court will not consider Turk's allegation of brain trauma as a ground for equitable tolling.

## A. Ineffective Assistance of Counsel

Turk claims that his attorney essentially abandoned him by failing to provide him with requested documents and access to his file, advising him that he could not appeal the judgment, and failing to advise him on filing a § 2255 motion. [Doc. # 4-1, pp. 2-3]. Serious or egregious attorney misconduct, rather than mere negligence and error, may warrant equitable tolling. United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005). The allegation that defense counsel failed to provide requested documents constitutes mere negligence or error—not extraordinary circumstances that would warrant equitable tolling. See Sellers v. Burt, 168 Fed. Appx. 132, (8th Cir. Feb. 22, 2006) (failure to communicate with petitioner and return his case file did not constitute "extraordinary circumstances" beyond his control to warrant equitable tolling).

Turk's allegation that his attorney incorrectly stated that he could not appeal the judgment does not support his claim for equitable tolling. If Turk had filed a direct appeal, his conviction would not have become final until after conclusion of the appellate proceedings. Thus, an appeal would have delayed the deadline for filing the postconviction motion. But it certainly would not have delayed it for 15 years.

Additionally, Turk's allegation that his attorney failed to advise him on filing a § 2255 motion, even if true, does not establish a basis for equitable tolling. Turk does not allege that his counsel was deceitful or that he purposely misled him about his right to seek postconviction relief. Absent allegations of deceit,

misrepresentation or other outrageous conduct Turk cannot establish extraordinary circumstances that made the timely filing of a motion impossible.  See, e.g., Byers v. United States, 561 F.3d 832, 836 (8th Cir. 2009) (stating that without an allegation of deceit, misrepresentation, or other serious misconduct, attorney's failure to object to the conviction did not prevent petitioner from timely filing his § 2255 motion).

Turk's claim of ineffective assistance of counsel does not provide a basis for equitable tolling.

### B.  Lack of Federal Materials

Turk next asserts that he is entitled to equitable tolling because he lacked access to federal materials during the period he was in state prison.  Turk was in state custody from May 12, 1995, the date he was sentenced, until July 29, 2004 when he was transferred into federal custody.  United States v. Turk, 4:94-CR-0263 (CEJ) [Doc. # 44].   He alleges that while in state custody he did not know that he could file a § 2255 motion, and did not learn of this option until he was in federal custody.  This argument does not entitle Turk to equitable relief.  The Eighth Circuit has consistently held that a prisoner's lack of legal knowledge or lack of access to legal resources does not warrant equitable tolling.  Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000); see Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007) (concluding that petitioner failed to establish how his lack of access to the prison law library presented sufficient impediment to toll statutory period).  Turk's claim contradicts

the principle that knowledge of the law is presumed; lack of knowledge does not excuse one from compliance with the law. *See*, Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003).

Even if Turk's ignorance of the law is considered an extraordinary circumstance beyond his control, it would do little to support his request for equitable tolling. After Turk was delivered into federal custody, another eight years passed before he filed his motion to vacate. Turk claims that he diligently pursued the motion during that time, citing several letters sent to the court, the Bureau of Prisons, and to others requesting legal documents. Def. Ex. C [Doc. #4]. However, the earliest letter was sent in 2006, two years after movant entered federal custody. Id. During the first two years of in federal custody, Turk's only act in pursuit of postconviction relief consisted of a single request for a transcript of the sentencing hearing. These circumstances do not demonstrate that Turk acted with due diligence in pursuing the motion. E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006).

### C. Actual Innocence

Turk's final ground for equitable tolling is that he is actually innocent of the criminal charges. In Flanders v. Graves, 299 F.3d 974 (8th Cir. 2002), the court of appeals wrote that allowing a claim of actual innocence to support tolling the statute of limitations "would take the equitable-tolling doctrine far from its original and legitimate rationale." Id. at 977 (applying equitable tolling doctrine to 28 U.S.C. § 2254 petition). However, in that decision the court also established a

basis for when actual innocence may be relevant to a claim for equitable tolling:

> For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

Id. at 978.

In this case, Turk makes no such showing. Therefore his claim of actual innocence is not a sufficient basis to excuse his untimely § 2255 motion.

### III. Conclusion

For the foregoing reasons, the Court concludes that Turk has not demonstrated that the untimeliness of his motion to vacate should be excused due to equitable tolling. Because the motion is time-barred, it will be dismissed. Additionally, the court finds that Turk has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. 2253.

A separate order of dismissal will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of August, 2015.